## Johnson v. Pittsburgh Railways Co.

*William D. Grimes* and *Edward O. Spotts, Jr.*, for plaintiff.

*J. R. McNary* and *Arthur W. Henderson*, for defendant.

JAMES, P. J., fifty-seventh judicial district, specially presiding, October 6, 1938.—This is an action in trespass arising from a collision between an automobile and a street car.

Plaintiff based his claim on the theory that he owned the automobile which was demolished in the collision. The jury rendered a verdict in favor of plaintiff in the amount of $375, which represented the value of the automobile.

Plaintiff, Harrison P. Johnson, Sr., had a son, Harrison P. Johnson, Jr., who was a student attending an educational institution. Plaintiff was confronted with the transportation of his son to and from school. Plaintiff contends that he purchased an automobile for the purpose of transportation, title to which was placed in the son on an application for registration; that the automobile belonged to the son, the son procured a driver's license, and the testimony of plaintiff shows that the car was purchased for the son, conditioned that he continue in school and perform his duties as a student.

Defendant contends that the car was a gift by the father to the son, conditioned upon the contingency that the son perform his obligations as a student, that the father never revoked the gift for failure of duty by the son, and that therefore the gift was absolute, especially in view of the fact that the record title was in the son.

The trial judge submitted the question of ownership of the car to the jury. After an examination of the charge of the court we find that the trial judge stressed the point that notwithstanding the dispute as to ownership, Harrison P. Johnson, Sr., this plaintiff, went on the witness stand and assumed all liability for the conduct of his son concerning this accident. It was because of this that the trial judge submitted the case on the questions of negligence and damages.

However, we now find that this voluntary assumption of responsibility on the part of plaintiff does not eliminate the legal question as to the ownership of the automobile.

The evidence clearly shows on the part of plaintiff that plaintiff made a gift to his son conditioned upon the performance of the son's duty to be and remain a good student. As far as the testimony shows, the son was a good student and the condition was never enforced, so

that at the time of the accident we find the son was the owner of the automobile involved in the accident, and if there is any damage for negligence the son should have brought this action and not the plaintiff father.

The legislature over a period of years has constructed a motor vehicle code requiring owners of motor vehicles to comply with certain regulations. This legislation is for the protection of the limbs and lives of those using the highways. The people of Pennsylvania have decided that these laws are just and right. These laws should therefore prevail when a secret owner comes into court and claims that there is a private understanding between father and son which should transcend the law. With this contention there is no merit.

We find that while plaintiff placed all the legal title to the automobile in question in his son, according to his own plan, he still seeks to enforce responsibility because he owns the car. He cannot blow hot and cold at the same time.

The conclusion is that the father made a conditional gift which he never enforced, and the record title under the laws of Pennsylvania remains in the son.

In view of this conclusion it is unnecessary to consider the motion of defendant for new trial. Harrison P. Johnson, Jr., was the owner of the automobile in question at the time of the accident.

Plaintiff therefore cannot recover for the reason that plaintiff was not the owner of the motor vehicle damaged in this suit. The son, Harrison P. Johnson, Jr., was the owner as long as the conditions of ownership were not enforced, liquidated, and wholly settled before the time of this accident. This clearly appears from a view of all the evidence.

Motion of defendant for judgment n. o. v. should therefore be sustained. In view of this opinion as to the question of title to the motor vehicle in question, it is unnecessary to consider the questions of negligence and damages.